**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:17-cr-0026 |
| ) | |
| **SHAWN MCINTOSH,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is Defendant Shawn McIntosh's ("McIntosh") *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF No. 537.) The United States opposed the motion. (ECF No. 550.) For the following reasons, the Court will deny the motion.

### I.

On November 16, 2017, a grand jury issued a superseding indictment charging McIntosh and six others with Conspiracy to Commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951 (Count One), Hobbs Act Robbery in violation of 18 U.S.C. §§ 1951 and 2 (Count Two), and Brandishing a Firearm during a Federal Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count Three). McIntosh and two other co-defendants, Keon Wilson ("Wilson") and Ron Kuntz, proceeded to trial. During trial, the owner of the jewelry store testified that one robber pointed a gun at him and "put me to ground. I just put my hand over my heads and stooped on the ground." (ECF No. 347 at 77.) After that, he heard glass break and shatter, waited a few minutes, lifted his head to see if the robbers were gone, got up and pushed the panic alarm button. (*Id.*) The robbery was captured by the jewelry store's surveillance cameras. (*Id.* at 77-80.) A cooperating witness testified that he reviewed the jewelry store surveillance video and identified McIntosh and Wilson as two of the robbers, and that Wilson possessed one of the guns used during the robbery. (ECF No. 348 at 54-60.) The jury convicted McIntosh on all counts.

On July 19, 2018, the sentencing judge sentenced McIntosh to 67 months imprisonment on Counts One and Two to be served concurrently and three years of supervised release, and 84 months imprisonment on Count Three to be served consecutive to the term of imprisonment on Counts One and Two and five years of supervised release; term of supervised released to be served concurrently. On January 25, 2022, the U.S. Court of Appeals for the Third Circuit affirmed McIntosh's conviction and sentence. *United States v. McIntosh*, No. 18-2696, 2022 WL 212310 (3d Cir. Jan. 25, 2022).

Thereafter, McIntosh filed the instant motion claiming: (1) he is innocent based on *Taylor v. United States*, 142 S. Ct. 2015 (2022) because "Attempted Hobbs Act robbery and Conspiracy to commit Hobbs Act robbery are not violent offenses" (ECF No. 537 at 4); and (2) he is innocent of brandishing a firearm based on *Borden v. United States*, 141 S. Ct. 1817 (2021) because that is not a violent offense and "[t]here was no intentional or deliberate conduct that can verify an intentional felony." (*Id.* at 6.) The Government argues that *Taylor* does not apply because McIntosh was convicted of conspiracy to commit Hobbs Act robbery and the completed crime of Hobbs Act robbery and, since the jury was instructed that "the completed Hobbs Act robbery was the predicate crime of violence in this case, there was no need to address whether a Hobbs Act conspiracy constitutes a crime of violence." (ECF No. 550 at 5.)

## II.

A prisoner in federal custody claiming that his conviction or sentence violates the Constitution or laws of the United States or that the sentence is otherwise subject to collateral attack "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (a). "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Claims that the Government could no longer meet its burden of proof on a charge "based on intervening development in the law" are raised properly under § 2255. *United States v. Dorsett*, No. 22-2170, 2022 WL 5422352, at *2 n.3 (3d Cir. Oct. 7, 2022).

### III.

#### A.

McIntosh's claim that he is innocent based on *Taylor* because "Attempted Hobbs Act robbery and Conspiracy to commit Hobbs Act robbery are not violent offenses" is meritless. The issue in *Taylor* was whether "attempted Hobbs Act robbery qualif[ies] as a 'crime of violence' under 18 U.S.C. § 924(c)(3)(A)." *Taylor*, 142 S. Ct. at 2016. The Supreme Court held that attempted Hobbs Act robbery does not qualify as a crime of violence under § 924(c)(3)(A) because "no element of attempted Hobbs Act robbery requires proof that the defendant used, attempted to use, or threatened to use force." *Id.* at 2021. The record is clear that McIntosh was convicted of conspiracy to commit Hobbs Act robbery and the completed Hobbs Act robbery, not attempted Hobbs Act robbery. The record is also clear that the trial judge instructed the jury that the completed Hobbs Act robbery was the predicate crime of violence for the purposes of § 924(c)(3)(A) definition of the term "crime of violence." *See United States v. Wilson,* No. 18-2727, 2022 WL 216975, at *3 (3d Cir. Jan. 25, 2022) (finding on Wilson's appeal that "because the Court instructed the jury that the completed Hobbs Act robbery was the predicate crime of violence in this case, we need not address whether a Hobbs Act conspiracy constitutes a crime of violence"). Accordingly, McIntosh cannot obtain relief on his claim of innocence based on *Taylor* because *Taylor* does not apply to his conviction and sentence.

#### B.

McIntosh's claim that he is innocent of § 924(c) brandishing a firearm based on *Borden* because brandishing a firearm is not a violent offense and "there was no intentional or deliberate conduct that can verify an intentional felony" is also meritless. *Borden* involved the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), not applicable here, which "mandates a 15-year minimum sentence for persons found guilty of illegally possessing a gun who have three or more prior convictions for a 'violent felony.'" *Borden*, 141 S. Ct. at 1821–22. The issue in *Borden* was "whether a criminal offense can count as a 'violent felony' if it requires only a *mens rea* of recklessness—a less culpable mental state than purpose or knowledge." *Id*. Borden "pleaded guilty to a felon-in-possession charge, and the Government

sought an enhanced sentence under ACCA. One of the three convictions alleged as predicates was for reckless aggravated assault in violation of Tennessee law." *Id.* The Supreme Court used the categorical approach to decide whether an offense satisfies the elements clause, § 924(e)(2)(B)(i), which asks "whether a state offense necessarily involves the defendant's 'use, attempted use, or threatened use of physical force against the person of another." *Id.* The Supreme Court held that § 924(e)(2)(B)(i), the elements clause's definition of "violent felony"—an offense requiring the "use of physical force against the person of another"— [does not include] offenses criminalizing reckless conduct." *Id.* at 1825. Although the elements clause § 924(e)(2)(B)(i) ("has as an element the use, attempted use, or threatened use of physical force against the person of another") at issue in *Borden* does not apply to McIntosh, it contains the same relevant part of the definition as the elements clause § 924(c)(3)(A) ("has as an element the use, attempted use, or threatened use of physical force against the person . . . of another") at issue in this case.

McIntosh's conviction of brandishing a firearm during the commission of a crime of violence under 18 U.S.C. §§ 924(c)(1)(A), and (2), was predicated on his Count Two conviction, the completed Hobbs Act robbery under 18 U.S.C. § 1951 and 2. Any argument that the completed Hobbs Act robbery is not a crime of violence is foreclosed by the Third Circuit's finding that *Taylor* "'[did] not change our [pre-*Taylor*] position' that 'completed Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A).'" *United States v. Smith*, No. 21-1384, 2023 WL 4106248, at *2 (3d Cir. June 21, 2023) (quoting *United States v. Stoney*, 62 F4th 108, 113-14 (3d Cir. 2023)).

McIntosh asserts that, because "brandishing a firearm" is reckless conduct, it cannot serve as the basis for making his completed Hobbs Act robbery a violent offense under § 924(c)(3)(A). However, what makes the completed Hobbs Act robbery qualify as a "crime of violence" is that it has as an element "the use, attempted use, or threatened use of physical force against the person or property of another," § 924(c)(3)(A), namely, it defines "robbery" in relevant part as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his

custody or possession." 18 U.S.C.A. § 1951(b)(1). Section 924(c)(1)(A) does not specify a mens rea requirement for brandishing a firearm or otherwise using, carrying, or possessing a firearm under § 924(c)(1)(A). McIntosh does not cite any legal authority for his proposition that brandishing a firearm is reckless conduct, or that intent is a mens rea required for firearm brandishing for the purpose of conviction under § 924(c)(1)(A), or that the court's instruction to the jury in his case, that "the defendant knowingly brandished a firearm" (ECF No. 297 at 24), was erroneous. McIntosh failed to establish that he is entitled to relief based on his claim that he is innocent of brandishing a firearm based on *Borden* because that is not a violent offense and "there was no intentional or deliberate conduct that can verify an intentional felony."

## IV.

The Court finds that McIntosh failed to carry his burden of establishing that he is entitled to relief under 28 U.S.C. § 2255. Accordingly, it is hereby

**ORDERED** that Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 537, is **DENIED**; it is further

**ORDERED** that the Clerk of Court shall mail a copy of this Order to Defendant via certified mail return receipt; and it is further

**ORDERED** that a copy of this Order shall be filed in the matter styled *McIntosh v. United States*, Case No. 3:22-cv-0065, and the Clerk of Court shall **CLOSE** that case.

**Date:** November 5, 2024         /s/ *Robert A. Molloy*
                                   **ROBERT A. MOLLOY**
                                   **Chief Judge**